**Otto Hermann, Sheriff for the use of Dale G. Hyle, Appellee, v. William W. Haven and Ruth E. Haven, Appellants.**

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

BYRON W. HAVEN, for appellants.

J. B. HARRIS, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On October 17, 1928, W. W. Haven filed suit in the city court of Granite City, Illinois, for the recovery of one set of Supreme Court Reports, 16 sections of book-cases and other office furniture, alleged to be in the possession of one Dale G. Hyle. The said W. W. Haven alleged that the property sought to be recovered was his, and that he was entitled to the possession of the same. The court ordered a writ of replevin, directed to the sheriff of said Madison county, ordering that he should without delay replevin and deliver to said W. W. Haven the said goods and chattels aforesaid. A bond signed by W. W. Haven and Ruth E. Haven was given to the sheriff. Thereupon the sheriff of said county seized the goods mentioned aforesaid and delivered them to said W. W. Haven.

This suit is upon a replevin bond against the principal and surety for failure to return the goods to D. G. Hyle, who had possession of the property at the time they were seized by the sheriff. At the trial of

the case a stipulation was entered into between the parties whereby it was agreed that W. W. Haven, one of the defendants in this case, sued out of the office of the clerk of the city court of Granite City, Illinois, a writ of replevin against D. G. Hyle, plaintiff in this case, for the recovery of the goods mentioned in the writ of replevin. It was further stipulated that the goods mentioned in the replevin writ were in the office of Dale G. Hyle, the plaintiff, and that the sheriff seized and took possession of the same and delivered them to one of the defendants, W. W. Haven, the plaintiff in the original replevin suit, and that the same has not been returned to the said Dale G. Hyle. It was further stipulated that at the trial of the replevin suit that said trial resulted in a judgment for the defendant Dale G. Hyle, and that the bond sued upon in this case was signed by W. W. Haven and Ruth Haven and is the bond that was given in the replevin case. The trial which resulted in a verdict for the plaintiff was held in the city court of Granite City. The case comes to this court on appeal from said court.

It is the contention of the plaintiff in error that there is not sufficient evidence in the case to justify the jury in finding a verdict for the plaintiff; that the evidence shows that the defendant in error was not the owner of the property in question, but that it belonged to one of the plaintiffs in error, and therefore, the suit could not be maintained.

The defendant in error, Dale G. Hyle, did not claim to be the owner of the property in question, but had the right to the use of the same. The suit was based upon that theory, and we think, if he has shown that he was entitled to the possession of the property at the time of the replevin suit, then he could maintain his action on the bond for the damage he has sustained by reason of being deprived of the use of the property. It was stipulated at the time of the trial that the issues in the replevin case were found in favor of Dale G.

Hyle, regardless of who was the owner of the property. The record shows Dale G. Hyle was entitled to the possession of it.

Complaint is made in regard to the evidence as to the value of the use of this property. Mr. Hyle, the plaintiff below, and Harry Faulkner, an attorney at law of Granite City, Illinois, testified that the reasonable rental value of the replevined property would be $9 or $10 per month. This evidence was admitted without objection on the part of the defendants. The defendant offered no evidence to the contrary, therefore, "they are not in a position" to say that it should not be considered by the jury as evidence tending to show the rental value of this property.

The appellants also complain that the court refused to instruct the jury of the fact that they must not take into consideration, in assessing the damages, the necessary number of counsel employed in the defense of the replevin suit. Mr. Hyle testified that in his opinion it was necessary to employ two attorneys to defend the replevin suit; that the plaintiff had three attorneys employed in the same suit; that in his opinion the reasonable value of services of this kind would be $200. This evidence was also admitted without objection on the part of the defendants. Mr. Harry Faulkner testified that in his opinion $150 would be a reasonable fee for the services rendered. The defendants did not introduce any evidence to show that the two attorneys were not necessary to defend the suit, or what such services were reasonably worth. We are of the opinion that the court did not err in refusing to give these instructions. The appellants are in no position to urge this error as the abstract does not show that there was any exception taken to the court's refusal to give these instructions.

The appellee made a motion to strike from the files the purported abstract of record filed in this case and to dismiss the appeal. After considering the case we

are of the opinion the judgment of the lower court should be affirmed. We have not passed upon the motion presented by the appellee, but there are many markings on the record that make parts of it unintelligible.

We find no reversible error in the case and the judgment of the city court of Granite City, Illinois, is affirmed.

*Affirmed.*